THE STATE, EX REL. DAVIS, *v.* PUBLIC EMPLOYEES' RETIREMENT BOARD ET AL.

(No. 7405—Decided November 12, 1963.)

*Mr. William J. Davis*, for relator.
*Mr. William B. Saxbe*, attorney general, and *Mr. William D. Radcliff*, for respondents.

DUFFY, P. J.  On June 10, 1963, the relator filed a petition for a writ of mandamus seeking to obtain funds which he contributed to the Public Employees Retirement System while employed in the Department of Liquor Control of the state of Ohio.  The parties entered into the following stipulation:

"1. The relator is a member of the Public Employees' Retirement System holding membership number 480727 in said system, and has accumulated the sum of $1,078.94 to his credit in the Employees' Savings Fund.

"2. Relator is a member of the classified civil service of the state of Ohio, holding a permanent appointment as Attorney-Examiner IV in the Department of Liquor Control, and was laid off effective February 16, 1963, by authority of the Director of the Department of Liquor Control.

"3. On or about February 25, 1963, relator filed an application for refund of the accumulated contributions standing in his name in the Employees' Savings Fund. On February 25, 1963, the Director of the Department of Liquor Control refused to certify this employment as being terminated.

"4. The respondent has refused to approve and process said application for refund, because of the requirement contained in Section 145.40 of the Revised Code and Section 143.25 of the Revised Code as to passage of time and status of classified employees."

There was also a stipulation as to a pending suit in the federal District Court, but at the hearing the parties stated that that suit had been dismissed. It appears now that the dismissal has been appealed.

The respondents state that it has been their policy to have the director of the employing agency certify that the employment has been terminated before a payment of contributions is made to a separated employee. While this could well be the policy of the retirement system, there has been no showing that such a certification is required by a duly adopted rule or regulation, or by any of the statutes of the state of Ohio under which the system operates.

The respondents contend that the relator has not "ceased to be a public employee," nor has his "public service" been terminated as required by Section 145.40 of the Revised Code, which reads as follows:

"A member who ceases to be a public employee for any cause other than death or retirement, and subject to such rules and regulations as are established by the public employees retirement board, upon application to the board shall be paid the accumulated contributions standing to the credit of his individual account in the employees' savings fund, and in addition thereto, he shall be refunded any principal payment he may have made to restore previously forfeited service credit as provided in Section 145.31 of the Revised Code, provided three

months have elapsed since his public service was terminated and providing he has not returned to public service during said three-month period and, further providing, he is not a member of either the school employees retirement system or the state teachers retirement system. The payment of such accumulated contributions shall cancel the total service credit of such member in the public employees retirement system.''

It is the respondents' contention that the relator's employ ment was not terminated but only temporarily suspended, and that Section 145.40 of the Revised Code requires that an employee's public service be terminated before he is eligible for a refund. While both the relator and the respondents want to argue as to the meaning of the phrases, ''ceases to be a public employee,'' and, ''since his public service was terminated,'' neither has cited to this court Section 145.01 of the Revised Code (129 Ohio Laws, 1714) which is a definition section and which contains a definition of ''Public employee'' and ''Public service terminates.'' Paragraph (A) of that section contains the following:

'' 'Public employee' means any person holding an office, not elective, under the state or any county, municipal corporation, park district, conservancy district, sanitary district, health district, township, metropolitan housing authority, state retirement board, public library, county law library, union cemetery, joint hospital, institutional commissary, state university rotary fund, or board, bureau, commission, council, committee, authority, or administrative body as the same are, or have been, created by action of the General Assembly or by the legislative authority of any of the units of local government named in this division * * *.''

Paragraph (Y) of that section reads as follows:

'' 'Public service terminates' means the later of the following dates: (1) the last day for which an employee is compensated for services performed for an employer or (2) the last day for which an employee is compensated by an employer although no services have been performed. Subdivision (2) hereof shall include but not be limited to compensation relating to vacation, sick, or terminal leave.''

The issue then becomes: Is it necessary for the relator who was employed by the state of Ohio and has been notified by the

Director of Liquor Control of his layoff for reasons of economy to submit a resignation from his position as Attorney-Examiner IV before he is entitled to his accumulated contributions from the state Employees' Savings Fund?

It is agreed that so long as the employee does not submit his resignation, he does have a civil service classification which could entitle him to reinstatement in the position of Attorney-Examiner IV upon that position being refilled. It is agreed that he has preference over others to the position if it is refilled within one year from the date of layoff.

It should be noted that the Public Employees Retirement Board is a trustee of funds belonging to public employees, which it must keep or dispose of according to the law as promulgated by the Legislature.

It is clear that civil service status does not create employment, as an individual can have civil service status prior to his employment with the state and can keep that civil service status if he is laid off from his job by the appointing authority. A laid-off employee who is not being compensated ceases to be a public employee, and if no longer a paid employee, it is clear that his public service has been terminated. The civil service status would give rise to re-employment under certain conditions, but the civil service status does not necessarily imply an employment status.

We are, therefore, of the opinion that an employee who has been laid off and has not received any compensation for services performed for more than three months is entitled to his accumulated contributions in the Employees' Savings Fund.

The writ of mandamus will be, and hereby is, allowed.

*Writ allowed.*

DUFFEY and TROOP, JJ., concur.