[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Perry Twp. Bd. of Trustees v. Husted,* Slip Opinion No. 2018-Ohio-3830.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-3830

THE STATE EX REL. PERRY TOWNSHIP BOARD OF TRUSTEES *v.* HUSTED, SECY., ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Perry Twp. Bd. of Trustees v. Husted,* Slip Opinion No. 2018-Ohio-3830.]

*Elections—Mandamus—Township board of trustees failed to establish that it has clear legal right or that county board of elections has clear legal duty to certify proposed levy for placement on ballot—Writ denied.*

(No. 2018-1261—Submitted September 17, 2018—Decided September 21, 2018.)

IN MANDAMUS.

_____

**Per Curiam.**

**I. INTRODUCTION**

{¶ 1} This expedited elections case involves a township property-tax levy. Relator, the Board of Trustees of Perry Township, in Stark County (the "trustees"), resolved to renew and increase an existing tax levy for road construction and repair.

Respondent Stark County Board of Elections (the "board") disqualified the proposed levy and refused to place it on the November 2018 ballot because the trustees' resolution and the proposed ballot language state that the renewal and increase would commence in 2018, which is the last year of the existing levy. The trustees seek a writ of mandamus compelling the board to place the tax levy on the November 2018 ballot. We deny the writ.

## II. FACTS

{¶ 2} At the May 2014 election, the voters of Perry Township approved a new one-mill property-tax levy for road construction and repair, commencing in tax year 2014 and lasting for five years. Property taxes levied in a particular tax year are collected in the following calendar year. *See* R.C. 323.12 and 5705.03(C). Accordingly, the 2014 levy applied to property in the township in tax years 2014, 2015, 2016, and 2017 and will apply in tax year 2018, with the tax collected in calendar years 2015, 2016, 2017, 2018, and 2019.

{¶ 3} On July 31, 2018, the trustees unanimously approved a resolution (the "resolution of necessity") (1) stating that the amount of taxes that can be raised within the ten-mill limitation[1] in the township for the next five years will be insufficient to provide an adequate amount for road construction and repair, (2) stating that it will therefore be necessary to levy a renewal of the existing one-mill tax levy and an increase of three mills—constituting a four-mill levy—commencing in tax year 2018, first collected in 2019, and lasting five years, and (3) requesting the Stark County auditor to certify the dollar amount of revenue that would be generated by this levy. *See* R.C. 5705.03(B). The trustees certified this resolution

---

[1] Ten mills is the maximum amount of property tax that a political subdivision may levy without the approval of voters. *See* Ohio Constitution, Article XII, Section 2; R.C. 5705.02 ("The aggregate amount of taxes that may be levied on any taxable property in any subdivision * * * shall not in any one year exceed ten mills on each dollar of tax valuation of such subdivision * * * except for taxes specifically authorized to be levied in excess thereof").

of necessity to the auditor on August 1. On August 2, the auditor certified the estimated revenue that the levy would raise.

{¶ 4} On August 7, 2018, the trustees unanimously adopted a resolution (the "resolution to proceed") to submit to Perry Township's voters the renewal of the existing tax levy of one mill and an increase of three mills—a total tax levy of four mills—for road construction and repair. The resolution to proceed prescribed a form of ballot providing that the renewal and increase would commence in tax year 2018, with the tax first due in 2019, and would continue for five years. The trustees filed the resolution to proceed with the board on August 8.

{¶ 5} The board forwarded the ballot language to the office of respondent Ohio Secretary of State Jon Husted for review, and on August 17, Husted's office notified the board that it had approved the ballot language as to form. *See* R.C. 3501.05(J) and 3501.11(V).

{¶ 6} Nevertheless, on August 20, the board notified the trustees that it had disqualified the proposed renewal and increase for the reasons stated in an August 15 memorandum from the Stark County prosecutor's office. The memorandum stated that the trustees were "properly asking to place the renewal and increase on the ballot at the general election in 2018." However, the memorandum continued, "[t]he problem is that the Resolution of Necessity, Resolution to Proceed and ballot language all state that the commencement date for the renewal and increase is 2018. * * * [T]he commencement date for the renewal and increase must be 2019, after the expiration of the current term of the levy."

{¶ 7} On August 23, the trustees asked the board to reconsider its disqualification of the tax levy. In their request, the trustees identified four renewal-and-increase levies for other townships—one in 2014, two in 2015, and one in 2016—that had commenced in the final tax year of the existing levy and that the board had placed on the ballot. The board rejected this request on August 27,

3

though the board acknowledges that it had allowed those earlier levies onto the ballot. On September 5, the trustees filed this mandamus action.

### III. ANALYSIS

#### A. *Mandamus Standard*

**{¶ 8}** To be entitled to a writ of mandamus, a relator must establish by clear and convincing evidence a clear legal right to the requested relief, a clear legal duty on the part of the respondent to grant that relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6, 13. When reviewing a decision of a county board of elections, the standard is whether the board engaged in fraud, corruption, or abuse of discretion, or acted in clear disregard of applicable legal provisions. *Id*. at ¶ 7.

#### B. *Claims Against the Stark County Board of Elections*

**{¶ 9}** The board disqualified the trustees' proposed levy from the ballot because the renewal and increase would have commenced in tax year 2018, the final year of the existing levy. The trustees argue that the board had a clear legal duty to place a levy commencing in the final year of the existing levy on the ballot. For the source of this duty, the trustees point exclusively to R.C. 5705.25.

**{¶ 10}** That statute provides that a resolution to renew an existing levy shall not be placed on the ballot unless the question is *submitted to the electorate* at "the general election held during the last year the tax to be renewed may be extended on the real and public utility property tax list and duplicate, or at any election held in the ensuing year."[2] R.C. 5705.25(A). For purposes of this restriction, a levy is considered an "existing" levy "through the year following the last year it can be placed on that tax list and duplicate." *Id*. In other words, a renewal levy may be

---

[2] The "tax list and duplicate" refers to the county auditor's annually prepared list of real and public property in the county and to the duplicate of that list that the auditor provides to the county treasurer. *See* R.C. 319.28(A).

placed on the ballot at the general election in the final tax year in which it applies to the tax base (the last year it is extended on the tax list and duplicate) or at any election in the final calendar year in which tax from the levy is collected (the ensuing year).

{¶ 11} Under this provision, as the trustees and the board agree, the question whether to renew the existing Perry Township roads levy could be submitted to the voters of the township at the general election in 2018, the existing levy's last tax year, or in any election in 2019. R.C. 5705.25(A) does not, however, specify that the renewal and increase, if approved, can *commence* in the final tax year of the existing levy.

{¶ 12} R.C. 5705.25(B) provides:

> The form of the ballots cast at an election held pursuant to division (A) of this section shall be as follows:
>
> "An additional tax for the benefit of (name of subdivision or public library) .......... for the purpose of (purpose stated in the resolution) .......... at a rate not exceeding ...... mills for each one dollar of valuation, which amounts to (rate expressed in dollars and cents) ............ for each one hundred dollars of valuation, for ...... (life of indebtedness or number of years the levy is to run).
>
> For the Tax Levy<br>Against the Tax Levy"

R.C. 5705.25(C) provides that for a renewal and increase of an existing levy, the form set forth above shall be altered so that the words "An additional" at the beginning of the form are replaced with the words "A renewal of ........ mills and an increase of ...... mills to constitute a." And R.C. 5705.25(D) concerns a voter-approved levy's certification to the tax commissioner and the levy's extension on

the tax list.  Like R.C. 5705.25(A), however, neither R.C. 5705.25(B), (C), nor (D) expressly confers a right to have a renewal and increase commence in the final tax year of the existing levy.

{¶ 13} The trustees have therefore failed to establish the existence of a clear legal right or the existence of a clear legal duty on the part of the board to certify the proposed levy, commencing in 2018, for placement on the ballot.  This court cannot create a legal duty enforceable in mandamus; only the General Assembly has that authority.  *State ex rel. Willke v. Taft*, 107 Ohio St.3d 1, 2005-Ohio-5303, 836 N.E.2d 536, ¶ 22.  And R.C. 5705.25 does not provide a basis for concluding that the board failed to perform any clear legal duty or committed an abuse of discretion.

{¶ 14} The trustees also argue that the board's disqualification of their proposed renewal-and-increase levy is inconsistent with its placement of renewal-and-increase levies commencing in the final year of the existing levies on the ballot four times in recent years: once in 2014, twice in 2015, and once in 2016.  However, the board states that it now believes that those prior decisions were incorrect.  And " '[e]stoppel does not apply against election officials in the exercise of governmental functions.' "  *State ex rel. Barletta v. Fersch*, 99 Ohio St.3d 295, 2003-Ohio-3629, 791 N.E.2d 452, ¶ 19, quoting *State ex rel. Ditmars v. McSweeney*, 94 Ohio St.3d 472, 476, 764 N.E.2d 971 (2002) (plurality opinion).  Moreover, regardless of whether the board *could* permit the proposed levy to be placed on the ballot, "[m]andamus cannot be used to compel the performance of a permissive act," *State ex rel. Hodges v. Taft*, 64 Ohio St.3d 1, 4, 591 N.E.2d 1186 (1992).  And as explained above, the trustees have not established that the board had a clear legal *duty* to place the proposed renewal-and-increase levy, commencing in the final year of the existing levy, on the ballot.

### C.  Claims Against the Secretary of State

{¶ 15} The trustees named Secretary Husted as a respondent in this case, along with the board.  As Husted points out, his only role in the placement of a township tax levy on the ballot is to approve the ballot language as to form under R.C. 3501.05(J), and it is undisputed that his office did that in this case.  The trustees have therefore not established that Husted failed to perform any clear legal duty.

## IV. CONCLUSION

{¶ 16} For the foregoing reasons, we deny the trustees' request for a writ of mandamus.

Writ denied.

O'DONNELL, KENNEDY, FRENCH, and DeGENARO, JJ., concur.

FISCHER, J., concurs in judgment only.

DeWINE, J., dissents, with an opinion joined by O'CONNOR, C.J.

_____

**DeWINE, J., dissenting.**

{¶ 17} The majority can point to no provision of law that says a renewal-and-increase levy may not commence in the final tax year of an existing levy.  Yet the majority denies the writ because it can find no statutory provision explicitly stating that a renewal and increase may commence in the final tax year of an existing levy.  That's nonsense.  The Perry Township Board of Trustees submitted the resolution pursuant to R.C. 5705.19(G) and 5705.25(A).  R.C. 5705.25 specifically authorizes a renewal and increase to be voted on in the last tax year of an existing levy.  R.C. 5705.19 makes clear that a proposed levy may include the existing tax year: "The resolution shall specify the amount of the increase in rate that it is necessary to levy, the purpose of that increase in rate, and the number of years during which the increase in rate shall be in effect, *which may or may not include a levy upon the duplicate of the current year*."  (Emphasis added.)  The

Stark County Board of Elections—and now this court—have manufactured a legal requirement that exists nowhere in law. I would grant the writ and leave it up to the voters.

O'CONNOR, C.J., concurs in the foregoing opinion.

_____

Hall Law Firm and Charles D. Hall III, Perry Township Law Director; and Fry Law, L.L.C., and Gary K. Fry, for relator.

Michael DeWine, Attorney General, and Tiffany L. Carwile and Heather L. Buchanan, Assistant Attorneys General, for respondent Secretary of State Jon Husted.

John D. Ferrero, Stark County Prosecuting Attorney, and Stephan P. Babik, Deborah A. Dawson, and Jessica L. Logothetides, Assistant Prosecuting Attorneys, for respondent Stark County Board of Elections.

_____