[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Tarrier v. Pub. Emps. Retirement Bd.*, Slip Opinion No. 2021-Ohio-649.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-649

THE STATE EX REL. TARRIER, APPELLANT, *v.* PUBLIC EMPLOYEES RETIREMENT BOARD, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Tarrier v. Pub. Emps. Retirement Bd.*, Slip Opinion No. 2021-Ohio-649.]

*Mandamus—Writ sought by public employee ordering retirement board to transfer her from one type of retirement plan to different type of plan—No provision in R.C. Chapter 145 establishes clear legal right for public employee to obtain relief sought or imposes clear legal duty on retirement board to grant it—Court of appeals' denial of writ affirmed.*

(No. 2020-0454—Submitted January 12, 2021—Decided March 10, 2021.)

APPEAL from the Court of Appeals for Franklin County, No. 18AP-12, 2020-Ohio-681.

_____

**Per Curiam.**

**{¶ 1}** Appellant, Kathy L. Tarrier, asked the Tenth District Court of Appeals for a writ of mandamus ordering appellee, the Public Employees Retirement Board, to transfer her from the "combined" plan in the Ohio Public Employees Retirement System ("the retirement system" or "the system") to the "traditional" plan. The Tenth District denied the writ. On direct appeal, Tarrier asserts six propositions of law, some sounding in mandamus and some in common-law tort. She has also filed a motion for oral argument.

**{¶ 2}** We deny the motion for oral argument and affirm the Tenth District's judgment. Tarrier has not established a clear legal right to the relief she seeks or a clear legal duty on the part of the board to provide it, so she is not entitled to a writ of mandamus. And this court and the court of appeals lack original jurisdiction over her common-law tort claims.

## I. FACTS AND PROCEDURAL HISTORY

**{¶ 3}** Tarrier began working for the Franklin County Public Defender's Office ("the office") on October 8, 1987. At that time, employees of the office were deemed to not be public employees, so they did not participate in the retirement system. *State ex rel. Altman-Bates v. Pub. Emps. Retirement Bd.*, 148 Ohio St.3d 21, 2016-Ohio-3100, 68 N.E.3d 747, ¶ 3, 9.

**{¶ 4}** Decades-long litigation over the status of the office's employees resulted in several decisions by this court. In 1998, we held that an employee of the office hired before 1985 was a public employee. *State ex rel. Mallory v. Pub. Emps. Retirement Bd.*, 82 Ohio St.3d 235, 241, 694 N.E.2d 1356 (1998). We therefore ordered the board to grant the employee in that case service credit in the retirement system. *Id*. at 245-246.

**{¶ 5}** After the *Mallory* decision, all employees of the office were declared public employees and enrolled in the retirement system as of January 1, 1999. *Altman-Bates* at ¶ 13. But the pre-1999 service of employees hired on January 1, 1985, through the end of 1998 was still not considered public employment, and no

retirement-system credit was granted for it. *Id.* Accordingly, Tarrier became a member of the retirement system on January 1, 1999, but did not receive credit for her service between October 8, 1987, and that date.

{¶ 6} When Tarrier first enrolled in the system, it offered only one retirement plan: the "traditional" plan. And as the court of appeals recognized in its opinion in this case, Tarrier was therefore automatically placed in that plan. 2020-Ohio-681, ¶ 26. Under the traditional plan, participants and their employers pay into funds managed by the board and participants receive a defined retirement benefit based on their years of service and final average salary. *Id.* at ¶ 59; R.C. 145.01(DDD) and 145.33; Ohio Adm.Code 145-1-81(A)(1).

{¶ 7} The board subsequently created two additional retirement plans after the General Assembly enacted legislation instructing it to do so. In the "member-directed" plan, participants and their employers make defined contributions to an individual retirement account and participants receive a retirement benefit based solely on the amount that has accumulated in the account. R.C. 145.01(EEE) and 145.81; Ohio Adm.Code 145-1-81(A)(3). In the "combined" plan, participants contribute to an individual retirement account while their employers contribute to the defined-benefit fund, entitling participants to a retirement benefit based on the amount accumulated in the individual account plus a defined retirement benefit, which is calculated at a lower percentage than in the traditional plan. R.C. 145.01(EEE) and 145.81; Ohio Adm.Code 145-1-81(A)(2) and 145-3-01(B); *see The Public Employees Retirement System of Ohio Combined Defined Benefit/Defined Contribution Plan*, Articles III and IX, available at https://www.opers.org/pdf/legal/2019-03-22-Combined-Plan-Eff.pdf (accessed Jan. 26, 2021) [https://perma.cc/VR8P-7G64].

{¶ 8} Under R.C. 145.191(A), participants who had less than five years of service credit as of December 31, 2002, were permitted to transfer from the traditional plan to the member-directed or combined plan by making an election no

later than June 30, 2003. On May 27, 2003, Tarrier—who at the time had less than five years of service credit—elected to switch to the combined plan. Accordingly, effective January 1, 2003, her accumulated employee contributions were transferred to the combined plan and her service credit in the traditional plan was canceled. R.C. 145.191(C) and (E). Under R.C. 145.191(E), Tarrier's election to transfer to the combined plan was irrevocable, except as provided in R.C. 145.814. R.C. 145.814 would permit Tarrier to switch back to the traditional plan on a going-forward basis. But pursuant to R.C. 145.814(D) and Ohio Adm.Code 145-2-18, she would have to purchase her past service credit.

{¶ 9} In September 2003, the board's staff rejected a request from numerous employees of the office seeking service credit for their pre-1999 employment, and the board later upheld the rejection without actually considering the merits of the request based on this court's decision in *State ex rel. Van Dyke v. Pub. Emps. Retirement Bd.*, 99 Ohio St.3d 430, 2003-Ohio-4123, 793 N.E.2d 438. *Altman-Bates*, 148 Ohio St.3d 21, 2016-Ohio-3100, 68 N.E.3d 747, at ¶ 14. But in 2008, we affirmed the Tenth District's granting of a writ ordering the board to adjudicate the claims for pre-1999 service credit on their merits. *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 120 Ohio St.3d 386, 2008-Ohio-6254, 899 N.E.2d 975, ¶ 36, 44. In 2010, the board denied the claims. *Altman-Bates* at ¶ 17.

{¶ 10} Several employees of the office—not including Tarrier—sought relief in mandamus. *Id.* at ¶ 1, 18. In May 2016, in *Altman-Bates*, we held that employees of the office hired before October 1992 were public employees. *Id.* at ¶ 31. We therefore issued a writ of mandamus ordering the board to grant service credit to three of the relators in that case for their work prior to 1999. *Id.* at ¶ 31, 33.

{¶ 11} After we issued the writ in *Altman-Bates*, the board granted Tarrier credit for her pre-1999 service as an employee who was similarly situated to the relators in that case. The board billed Franklin County for both the employee and

4

employer contributions for Tarrier's pre-1999 service under R.C. 145.483. It then applied the service credit under R.C. 145.483 and 145.23 and Ohio Adm.Code 145-1-31. The board credited both the delinquent employee and employer contributions to the defined-benefit portion of the combined plan, but no credit was made to the defined-contribution portion, i.e., to Tarrier's individual retirement account.

{¶ 12} Tarrier requested that the board fund her individual account or that she be transferred to the traditional plan with full credit for her pre-1999 service. The board denied the request.

{¶ 13} In January 2018, Tarrier filed this action in the Tenth District, seeking a writ of mandamus ordering the board to return her to the traditional plan. The magistrate recommended that the Tenth District grant the writ on the basis that Tarrier's 2003 election to switch to the combined plan was legally impermissible. 2020-Ohio-681 at ¶ 2. However, the Tenth District sustained the board's objection to that recommendation and denied the writ. *Id*. at ¶ 52. Tarrier appealed.

## II. ANALYSIS

{¶ 14} For ease of analysis, we address Tarrier's propositions of law out of order, in two groups. (Proposition of law No. II is discussed in both groups.)

### A. *Tarrier Has Not Established a Clear Legal Right to the Relief She Seeks (Proposition of Law Nos. I, II, V, and VI)*

{¶ 15} To prevail on her mandamus claim, Tarrier must establish a clear legal right to the requested relief, a clear legal duty on the part of the board to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Domhoff v. Ohio Pub. Emps. Retirement Sys. Bd.*, 140 Ohio St.3d 284, 2014-Ohio-3688, 17 N.E.3d 569, ¶ 13. She must make this showing by clear and convincing evidence. *Id.* Because Tarrier had no statutory right to appeal the board's decision to deny her transfer request, *see* Ohio Adm.Code 145-1-09(A), Tarrier has established that she lacks an adequate remedy in the ordinary course of the law, *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327,

2002-Ohio-2219, 767 N.E.2d 719, ¶ 14. With respect to the remaining criteria, mandamus relief is appropriate if the board abused its discretion, i.e., if its decision was unreasonable, arbitrary, or unconscionable. *Domhoff* at ¶ 14.

### 1. Proposition of Law Nos. I and V

{¶ 16} In proposition of law No. I, Tarrier argues that in *Altman-Bates*, we ordered the board to place her and all employees like her in the positions that they would have been in had they been treated as public employees from the outset, i.e., in her case, a member of the traditional plan. In proposition of law No. V, she makes a corollary argument: that her service credit was granted pursuant to our directive in *Altman-Bates*, not R.C. 145.483, so the board abused its discretion by applying that statute when effectuating her service credit.

{¶ 17} We reject both of those propositions of law. First, the writ in *Altman-Bates* applied only to the original relators in that case: "a writ of mandamus is granted to compel the board to award service credit to Altman-Bates, Neyerlin, and Steele." *Altman-Bates*, 148 Ohio St.3d 21, 2016-Ohio-3100, 68 N.E.3d 747, at ¶ 33. Tarrier asserts that our holding in *Altman-Bates* is nevertheless "the law of the case." However, the law-of-the-case doctrine applies only to later proceedings within the *same case*. *See Farmers State Bank v. Sponaugle*, 157 Ohio St.3d 151, 2019-Ohio-2518, 133 N.E.3d 470, ¶ 22 ("The law-of-the-case doctrine provides that legal questions resolved by a reviewing court in a prior appeal remain the law of *that case* for any subsequent proceedings at both the trial and appellate levels" [emphasis added]). Tarrier's service credit was granted not by this court in *Altman-Bates* but by the board, in accordance with its policy to treat similarly situated employees similarly.

{¶ 18} Second, our writ in *Altman-Bates* instructed the board to grant service credit to three of the relators in that case, but it was silent as to *how* the board was to do so. *Altman-Bates* at ¶ 31, 33. Our decision did not render the provisions of the Revised Code governing the granting of service credit

inapplicable to Tarrier. In any event, "This court cannot create a legal duty enforceable in mandamus; only the General Assembly has that authority." *State ex rel. Perry Twp. Bd. of Trustees v. Husted*, 154 Ohio St.3d 174, 2018-Ohio-3830, 112 N.E.3d 889, ¶ 13.

{¶ 19} Third, the applicable statutes, R.C. 145.483 and 145.23, delineate which board-managed funds delinquent contributions are to be credited into, but they impose no duty on the board to allow a participant to switch retirement plans (or revert to a previous plan) in the event that delinquent contributions are received under R.C. 145.483.[1]

### 2. *Proposition of Law No. II*

{¶ 20} In proposition of law No. II, Tarrier argues that the board violated a fiduciary duty imposed by R.C. 145.11(A).[2] That statute provides:

> The members of the public employees retirement board shall be the trustees of the funds created by section 145.23 of the Revised Code. The board shall have full power to invest the funds. The board and other fiduciaries shall discharge their duties with respect to the funds solely in the interest of the participants and beneficiaries; for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the public employees retirement system;

---

1. R.C. 145.23(B) provides that amounts paid by an employer under R.C. 145.483 for members participating in a defined-contribution plan "*may be* credited to the defined contribution fund." (Emphasis added.) However, Ohio Adm.Code 145-1-31(F)(4) provides for crediting individual accounts only when delinquent contributions are received for participants in the member-directed plan, not the combined plan. In any event, Tarrier has not sought a writ ordering the board to credit her individual account.

2. Section II(B) of this opinion addresses Tarrier's assertion in proposition of law No. II of a common-law claim for breach of fiduciary duty. However, that proposition also alleges the existence of a statutory duty, which the court of appeals treated as being "subsumed into [Tarrier's] request for a writ of mandamus." 2020-Ohio-681 at ¶ 52.

with care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with these matters would use in the conduct of an enterprise of a like character and with like aims; and by diversifying the investments of the system so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so.

{¶ 21} We reject this aspect of proposition of law No. II. To prevail on a mandamus claim, the relator must establish that the respondent has a clear legal duty *to provide the requested relief. Domhoff*, 140 Ohio St.3d 284, 2014-Ohio-3688, 17 N.E.3d 569, at ¶ 13. R.C. 145.11(A) imposes upon the board a general duty to safeguard and prudently invest the funds entrusted to it. It does not impose a clear legal duty to transfer Tarrier to the traditional plan.

### 3. *Proposition of Law No. VI*

{¶ 22} In proposition of law No. VI, Tarrier argues that her 2003 election to switch to the combined plan was legally impermissible under R.C. 145.191, because, when the additional pre-1999 service credit she received in 2016 is taken into account, she did not actually have less than five years of service as of December 31, 2002. She argues that she is therefore entitled to a writ ordering the board to place her back in the traditional plan.

{¶ 23} We reject this proposition of law because Tarrier's election was permissible at the time it was made. R.C. 145.191(A) provides that a participant "who, *as of December 31, 2002*, has less than five years of total service credit is eligible to make an election under this section." (Emphasis added.) R.C. 145.191(E) expressly made that election irrevocable unless Tarrier elected to purchase her service under R.C. 145.814. As the Tenth District explained, R.C. 145.191(E) contains no exception to the election's irrevocability in the event that delinquent contributions are paid under R.C. 145.483 and imposes no duty to treat

service credit granted *after* December 31, 2002, as retroactive. *See* 2020-Ohio-681 at ¶ 41-42.

{¶ 24} Tarrier acknowledges that no other statute mandates the result she seeks. She avers that a representative of the retirement system told her that the system "just need[s] a judge to tell us to put you back in Traditional." However, this court cannot create a duty that is enforceable in a mandamus action. *Perry Twp. Bd. of Trustees*, 154 Ohio St.3d 174, 2018-Ohio-3830, 112 N.E.3d 889, at ¶ 13.

**B. This Court and the Court of Appeals Lack Original Jurisdiction Over Tarrier's Common-Law Tort Claims**
**(Proposition of Law Nos. II, III, and IV)**

{¶ 25} In proposition of law Nos. II, III, and IV, Tarrier asserts that the board committed four common-law torts: breach of fiduciary duty, negligent misrepresentation, fraud, and conversion.[3] Tarrier did not plead any of these claims in her complaint, so they are not properly before us. *State ex rel. Ullmann v. Klein*, 160 Ohio St.3d 457, 2020-Ohio-2974, 158 N.E.3d 580, ¶ 9 (refusing to consider claims not raised in the relator's complaint). More importantly, even if she had properly raised them, neither this court nor the court of appeals has original jurisdiction over those causes of action. Ohio Constitution, Article IV, Sections 2(B)(1) (this court) and 3(B) (court of appeals). Accordingly, we reject this aspect of proposition of law No II and also reject proposition of law Nos. III and IV.

### III. ORAL ARGUMENT

{¶ 26} In a direct appeal, the granting of a request for oral argument is subject to this court's discretion. S.Ct.Prac.R. 17.02(A). In exercising that discretion, we consider whether the case involves (1) a matter of great public

---

3. Section II(A)(2) of this opinion addresses Tarrier's assertion in proposition of law No. II that the board violated a statutory fiduciary duty. However, that proposition also sets forth the elements of a common-law breach-of-fiduciary-duty claim.

importance, (2) complex issues of law or fact, (3) a substantial constitutional issue, or (4) a conflict among courts of appeals. *See State ex rel. BF Goodrich Co., Specialty Chems. Div. v. Indus. Comm.*, 148 Ohio St.3d 212, 2016-Ohio-7988, 69 N.E.3d 728, ¶ 23. Tarrier's motion for oral argument provides no basis for ordering oral argument under the above criteria.

**{¶ 27}** Accordingly, we deny the motion.

### IV.CONCLUSION

**{¶ 28}** For these reasons, we affirm the judgment of the court of appeals and deny the motion for oral argument.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Kathy L. Tarrier, pro se.

Dave Yost, Attorney General, and Samuel A. Peppers III and Mary Therese J. Bridge, Assistant Attorneys General, for appellee.

_____