[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Clough v. Franklin Cty. Children Servs.*, Slip Opinion No. 2015-Ohio-3425.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-3425

THE STATE EX REL. CLOUGH *v.* FRANKLIN COUNTY CHILDREN SERVICES ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Clough v. Franklin Cty. Children Servs.*, Slip Opinion No. 2015-Ohio-3425.]

*Mandamus—Access to alleged public records—Children-services agency records of investigation of alleged child abuse are confidential under R.C. 2151.421(H)(1)—Contents of file that are not confidential investigation records under R.C. 2151.421(H)(1) are confidential under R.C. 5153.17 and may be inspected only for "good cause"—Parent whose child was subject of investigation has not shown good cause—Writ denied.*

(No. 2014-1122—Submitted June 9, 2015—Decided August 27, 2015.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} Relator, Stephanie Y. Clough, seeks a writ of mandamus to compel respondent Franklin County Children Services ("FCCS") to allow her access to

files maintained by FCCS on Clough's minor daughter. According to the report of the special master appointed by this court to review the file, the requested documents are the records of an investigation of a report of possible child abuse. They are therefore confidential under R.C. 2151.421(H)(1). To the extent that certain pages might not be records of that investigation, they are confidential under R.C. 5153.17 and may be inspected only for "good cause." Clough has failed to show good cause. Therefore, we deny the writ.

*Facts*

{¶ 2} On April 22, 2014, Clough made a verbal request, through an agent, to inspect records concerning Clough's daughter, Jasmine. On April 30, 2014, Clough's agent received a written response from respondent Anne C. O'Leary, chief legal counsel for FCCS, denying Clough's request. The letter explained that respondent Charles M. Spinning, executive director of FCCS, did not find good cause to release the records. On May 13, 2014, Clough's agent tendered to O'Leary a written request for the inspection of Jasmine's case file. FCCS responded, once again refusing to allow inspection of the file. Clough filed her complaint in mandamus in this court on July 3, 2014.

{¶ 3} Clough asserts in her complaint that the request for access is authorized by FCCS in an agency document setting forth FCCS board policies. She avers that this right of access is not subject to any restriction and that this right contradicts FCCS's claim that the records may only be released in limited circumstances. Clough asserts that the response to her request is "inadequate and illegal" and in direct defiance of her rights as explained in the FCCS document, specifically her right to access and review information contained in the case record relating to herself and her children.

{¶ 4} In the complaint Clough further asserts that the FCCS document grants a right to review all FCCS documents in the presence of FCCS personnel. She contends that the independent review of her request by the Ohio Department

of Job and Family Services ("ODJFS") and the claim that the records are confidential under Ohio law are "inadequate" grounds for refusing her request.

{¶ 5} Clough asserts that FCCS's actions have been "in defiance" of that agency's memorandum of understanding with various entities, including the Children's Advocacy Center[1] and CHOICES, a women's advocacy center.

{¶ 6} According to Clough's complaint, at one point, the disposition of the report of possible abuse of Clough's daughter resulted in findings of "unsubstantiated." But she claims that during two grievance hearings, she was informed that the disposition would be changed to "indicative of abuse." Clough asserts that, following the grievance hearings, she has a right to review any notes or other records for an explanation of why FCCS changed its decision. She asserts that FCCS has failed to offer any explanation for not following its own policies and procedures.

{¶ 7} Clough maintains that she has a clear legal right to inspect the case file in the presence of FCCS personnel at their offices. She asserts that she has no adequate remedy in the ordinary course of the law and that there is no legally valid excuse for the denial. Clough claims that a writ will serve the public interest by encouraging FCCS to comply with its own policies and procedures and by exposing the failure of FCCS to follow protocols under a memorandum of understanding with other child protective service agencies.

{¶ 8} Clough requests a writ of mandamus commanding respondents to immediately allow her to review the case file and notes as mandated under FCCS policy. She also seeks statutory damages and costs.

{¶ 9} We assigned the Honorable Kenneth J. Spicer, a retired judge of the Delaware County Court of Common Pleas, Probate and Juvenile Divisions, as a special master to conduct an in camera review of the requested documents. He

---

[1] Clough may be referring to Nationwide Children's Hospital's Center for Child and Family Advocacy.

did so and filed a report, to which Clough filed a response. FCCS filed a motion to clarify the report of the special master. Clough has also filed three emergency motions to expedite the court's decision.

*Analysis*

**Mandamus**

{¶ 10} Generally, to be entitled to a writ of mandamus, the relator must establish a clear legal right to the requested relief, a clear legal duty on the part of the respondents to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. The relator must prove that she is entitled to the writ by clear and convincing evidence. *Id.* at ¶ 13.

{¶ 11} To the extent that this case is a claim for public records, "[m]andamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C)(1).

{¶ 12} Although the Public Records Act is accorded liberal construction in favor of access to public records, "the relator must still establish entitlement to the requested extraordinary relief by clear and convincing evidence." *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 16. However, unlike in other mandamus cases, " '[r]elators in public-records mandamus cases need not establish the lack of an adequate remedy in the ordinary course of law.' " *State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 131 Ohio St.3d 255, 2012-Ohio-753, 963 N.E.2d 1288, ¶ 25, quoting *State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.,* 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, ¶ 24.

**Franklin County Children Services grievance and consumer-rights policies**

{¶ 13} Although the requests made by Clough in this case might be construed as public-records requests to be analyzed under R.C. 149.43, Clough's complaint does not specifically cite that statute or characterize the records sought as "public." Rather, she asserts that her right to inspect the files is authorized by FCCS in its document on FCCS board policies.

{¶ 14} FCCS's policy does provide that adults and children who are clients of FCCS have the right to review their case records. However, that statement of client rights is qualified by the phrase "so long as such access is not prohibited by law." Thus, the statement of right that Clough relies on is expressly limited, as it must be, by its incorporation of applicable law.

{¶ 15} Even if the policy did not point out limitations to the right, those limitations exist and are enforceable. A court in a mandamus proceeding cannot create a duty where none exists. *State ex rel. Governor v. Taft*, 71 Ohio St.3d 1, 3, 640 N.E.2d 1136 (1994); *State ex rel. Hodges v. Taft*, 64 Ohio St.3d 1, 3, 591 N.E.2d 1186 (1992). Only the legislature can create a legal duty to be enforced in mandamus: "creation of the duty is the distinct function of the legislative branch of government." *Id.*

{¶ 16} Here, the FCCS document on board policies regarding the inspection of investigatory files does not create or reflect any duty to provide access that can be enforced in mandamus. No FCCS "policy" can provide access to the requested files when access is prohibited by law. Because Clough cannot claim a clear legal right from FCCS's statement of policies and procedures, we deny the writ to the extent Clough is basing her claim on those policies and procedures.

**Public records**

{¶ 17} Although Clough does not mention the public-records law in her complaint, she nevertheless asserts a violation of that law in her brief. Even

SUPREME COURT OF OHIO

assuming that the issue has been properly presented, Clough cannot prevail. R.C. 149.43(B)(1) requires that upon request, all public records shall be promptly prepared and made available for inspection at reasonable times. R.C. 149.43(A)(1) defines a "public record" as "records kept by any public office." But R.C. 149.43(A)(1)(v) excepts from disclosure "[r]ecords the release of which is prohibited by state or federal law."

{¶ 18} FCCS asserts that the documents Clough requested are exempted from disclosure by R.C. 2151.421(H)(1), which explicitly provides that a children services agency's investigatory record resulting from a report of suspected child abuse is confidential. That statute states: "Except as provided in divisions (H)(4) and (N) of this section, a report made under this section is confidential." R.C. 2151.421(H)(1); *see State ex rel. Renfro v. Cuyahoga Cty. Dept. of Human Servs.*, 54 Ohio St.3d 25, 27, 560 N.E.2d 230 (1990) ("R.C. 2151.421(H)(1) clearly removes child abuse investigation reports compiled under that statute from the mandatory disclosure provisions of R.C. 149.43(B)"). This exemption was explained to Clough in one of the responses to her inspection request.

{¶ 19} Therefore, if the file constitutes a report of a child-abuse allegation and the investigation of that allegation, as Clough describes it in her brief, the file is confidential under R.C. 2151.421(H)(1).

**Report of the special master**

{¶ 20} The special master inspected the file and described its general contents in his report. His description of the documents is necessarily circumspect, revealing nothing substantive about their contents. But his report does indicate, with only a few possible exceptions, that the file is a "report made under this section" within the meaning of R.C. 2151.421(H)(1) and that it is therefore confidential.

{¶ 21} The special master concludes that his review of the file confirmed that a report of suspected abuse had been received and investigated. The case was

closed with the determination that the report was unsubstantiated, and the parents were notified. He explicitly declined to express an opinion as to whether the determination was correct.[2]

**Public-records exceptions**

{¶ 22} Considering the special master's report, the file appears to contain, with very few possible exceptions, the records of an investigation of a report of possible child abuse, and therefore falls under the confidentiality provision in R.C. 2151.421(H)(1). Thus, those records are exempt from disclosure under R.C. 149.43(A)(1)(v).

{¶ 23} Even those documents in the file that might not be confidential under R.C. 2151.421 are open to inspection only to the persons or entities specified in R.C. 5153.17:

> The public children services agency shall prepare and keep written records of investigations of families, children, and foster homes, and of the care, training, and treatment afforded children, and shall prepare and keep such other records as are required by the department of job and family services. Such records shall be confidential, but, except as provided by division (B) of section 3107.17 of the Revised Code, shall be open to inspection by the agency, the director of job and family services, and the director of the county department of job and family services, and by other persons upon the written permission of the executive director.

---

[2] Respondents filed a motion to "clarify" the special master's report, in which they assert that a few of the documents were not accurately described. Having no way to independently verify these assertions, we deny the motion. Moreover, even if the documents are as described by respondents, it would not change the result here.

**{¶ 24}** "[T]he confidentiality promised by R.C. 5153.17 is not absolute." *Renfro,* 54 Ohio St.3d at 29, 560 N.E.2d 230. Ohio courts have held that while it is the primary duty of the executive director of a county children services agency to keep its records confidential, the executive director may allow inspection when the requester shows "good cause." *See, e.g., Johnson v. Johnson,* 134 Ohio App.3d 579, 583, 731 N.E.2d 1144 (3d Dist.1999); *Conrad v. Richland Cty. Children Servs.,* 5th Dist. Richland No. 2011 CA 124, 2012-Ohio-3871, ¶ 16-19. "Good cause" is established when the requester shows that disclosure is in the best interests of the child or that the due process rights of the requester are implicated. *Swartzentruber v. Orrville Grace Brethren Church*, 163 Ohio App.3d 96, 2005-Ohio-4264, 836 N.E.2d 619, ¶ 9 (9th Dist.), quoting *Johnson* at 585.

**{¶ 25}** The exceptions to the confidentiality provision in R.C. 5153.17 are narrow. A parent's right to a fair trial might override the confidentiality requirement. *See Renfro* at 29; *Davis v. Trumbull Cty. Children Servs. Bd.*, 24 Ohio App.3d 180, 493 N.E.2d 1011 (11th Dist.1985) ("good cause" may be established by a showing that a county children services agency is relying on the records to deprive the child's parents of custody through a dependency action). "Good cause" may be shown when the requester has a right arising under another statute to inspect the records in question. *In re Trumbull Cty. Children Servs. Bd.*, 32 Ohio Misc.2d 11, 513 N.E.2d 360 (C.P.1986). The good cause shown must outweigh the considerations underlying the confidentiality requirement. *Johnson* at 585. Indeed, we have refused to order disclosure even when the authorities were using a report to refuse to return a child to her foster parents and to advocate against the recertification of the home for foster care. *Renfro,* 54 Ohio St.3d 25, 560 N.E.2d 230. In *Swartzentruber,* a trial court ordered the disclosure of a child's preadoptive case file to the plaintiffs in an action alleging that the defendants' adopted child had sexually abused the plaintiffs' daughter. The plaintiffs were seeking access to the file to determine whether the alleged abuser

had ever been a victim of sex abuse, which they claimed would prove a propensity to commit such abuse against others. The Ninth District Court of Appeals reversed, finding that the plaintiffs had failed to show good cause, since the reason for disclosure was greatly outweighed by the need for confidentiality.

{¶ 26} Clough's argument in support of disclosure is that FCCS did not follow its own policies and procedures in denying her request. This does not qualify as good cause. While her case is sympathetic, and she is no doubt concerned about the investigation of her daughter's possible abuse, she has not alleged that the child is currently in any specific danger, that her due process rights are in jeopardy, or that there is any similarly compelling reason to depart from the statutory mandate of confidentiality.

{¶ 27} Finally, Clough's second argument is that she is entitled to records pertaining to the grievance hearings held in 2009 and 2010. Although the hearings are mentioned in the complaint and brief, these records are not mentioned in her requests to FCCS. Clough may not seek a writ of mandamus for documents that she did not request before filing her complaint.

*Conclusion*

{¶ 28} In short, Clough has requested to inspect documents that are deemed confidential by statute without any showing of good cause for overriding confidentiality. We therefore deny the writ and deny Clough's emergency motions to expedite the decision. We also deny the motion to clarify the report of the special master. Costs for the special master shall be borne by the court.

Writ denied.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

LANZINGER, J., concurs in judgment only.

_____

Stephanie Y. Clough, pro se.

Ron O'Brien, Franklin County Prosecuting Attorney, Nick A. Soulas Jr., First Assistant Prosecuting Attorney, and Amy L. Hiers, Assistant Prosecuting Attorney, for respondents.

_____