[Cite as *State v. Stevens*, 2022-Ohio-4804.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2021 CA 00031 |
| JOSEPH H. STEVENS | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:          Appeal from the Fairfield County Court of
                                   Common Pleas, Case No. 2020 CR 00555


JUDGMENT:          Affirmed

DATE OF JUDGMENT ENTRY:          December 29, 2022


APPEARANCES:


For Plaintiff-Appellee                    For Defendant-Appellant

R. KYLE WITT                              BRIAN A. SMITH
Fairfield County Prosecuting Attorney     123 South Miller Road – Suite #250
                                          Fairlawn, Ohio 44333
DARCY T. COOK
Assistant Prosecuting Attorney
239 West Main Street – Suite #101
Lancaster, Ohio 43130

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Joseph Stevens appeals his conviction and sentence entered by the Fairfield County Court of Common Pleas on one count of aggravated burglary, following a jury trial.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE AND FACTS[1]

**{¶2}** On November 15, 2020, Appellant was arrested and held on the charges in this case as well as Fairfield County Municipal Court Case Nos. 20CRB1627 and 20CRB1658.  The following day, Appellant was released on a recognizance bond in Fairfield County Municipal Court Case No. 20CRB1627.  Appellant filed a motion to modify bond, a motion for discovery and motion for notice of intention to use evidence, and a motion for bill of particulars on November 18, 2020.  Appellant was released on a recognizance bond in Fairfield County Municipal Court Case No. 20CRB1658, on November 24, 2020.

**{¶3}** On November 25, 2020, the Fairfield County Grand Jury indicted Appellant on one count of aggravated burglary, in violation of R.C. 2911.11(A)(1) and (B), a felony of the first degree; one count of aggravated burglary, in violation of R.C. 2911.11 (A)(2) and (B), a felony of the first degree[2]; one count of aggravated robbery, in violation of R.C. 2911.01(A)(1) and (C), a felony of the first degree; and one count of domestic violence, in violation of R.C. 2919.25(C) and (D)(2), a fourth degree misdemeanor.[3]  At his arraignment on December 8, 2020, Appellant entered a plea of not guilty to the indictment. The trial court conducted a bond hearing on December 15, 2020.  Appellant filed a notice

---

[1] Any additional facts relevant to our disposition to Appellant's assignments of error shall be contained therein.
[2] This count involved the incident which occurred on November 13, 2020.
[3] These counts involved the incident which occurred on November 14, 2020, at the same residence.

of alibi on December 16, 2020. Via Entry filed December 17, 2020, the trial court modified Appellant's bond to $30,000 cash, surety, or 10% plus a $5,000 recognizance bond.

{¶4} The trial court schedule the matter for jury trial on February 9, 2021. Appellant filed a motion for continuance on February 5, 2021, which the trial court granted on the same day. The trial court rescheduled the jury trial for March 30, 2021. The state filed a motion for continuance on March 17, 2021, setting forth three reasons for the request, to wit: a Lancaster Police Officer, who was expected to be a witness for the state, had a previously scheduled vacation; the assistant prosecutor assigned to the case also had a previously scheduled vacation; and the state was waiting the results from the extraction of Appellant's cell phone which had recently been seized via search warrant. The trial court granted the motion, finding the speedy trial time was tolled because the motion was reasonable and necessary. The trial court rescheduled the trial for May 25, 2021.

{¶5} On May 19, 2021, Appellant filed a motion to reduce bond, which the trial court overruled via Entry filed June 16, 2021. Also, on May 19, 2021, Appellant filed a motion to continue jury trial/motion to have time counted against state. Therein, Appellant explained the continuance was necessary as he had not yet received his cell phone or the cell phone contents from the state. Appellant asserted the delay was due to the state's actions; therefore, the time should be counted against the state, not Appellant. The state filed a memorandum contra Appellant's motion to have time counted against the state. The trial court continued the trial to August 24, 2021, and scheduled a non-oral hearing on Appellant's motion to have time counted against the state and the state's memorandum contra. Via Entry filed June 16, 2021, the trial court overruled Appellant's

motion.  The trial court noted probable cause was previously found for the issuance of a search warrant relative to Appellant's cell phone and the contents thereof.  The trial court found:

> There is thus a reasonable, substantiated basis for the State to conduct an analysis of the evidence.  Moreover, there is an independent duty, based on [Appellant's] Constitutional right to due process, upon the State to produce evidence which it knows to be exculpatory.  The State would not be living up to its obligation to do so, without an analysis of the evidence.  Further, if the State were to proceed to trial without such evidence being analyzed and revealed and if a conviction were to be obtained, then a reversal of the conviction could occur.
>
> Moreover, the Court determines that O.R.C. 2945.72(H) applies in this situation.  The Court finds that the need for a continuance of this matter – to provide for time for analysis of evidence – is reasonable.
>
> June 16, 2021 Entry at 1-2, unpaginated.

{¶6}    On August 23, 2021, Appellant filed a motion to dismiss for statutory and/or constitutional speedy trial rights and a motion in limine. On the same day, the state filed a written request for order of immunity to "B.R.," whom the state intended to call as a witness regarding the events which occurred during the early morning hours of November 14, 2020.  On August 24, 2021, the state filed a memo contra Appellant's motion to dismiss and a memo contra Appellant's motion in limine. The state filed a motion to quash

the subpoenas Appellant issued to Fairfield County Juvenile Court and Fairfield County Department of Child Protective Services for records relative to Hurst.

{¶7} Prior to the commencement of trial on August 24, 2021, the trial court overruled Appellant's motion to dismiss. The trial court addressed the motion to quash, indicating its intention to conduct an in-camera review of the records and issue a decision prior to the use of such during trial. The trial court subsequently advised the parties it would not release the records of the Fairfield County Juvenile Court and Fairfield County Department of Child Protective Services and placed the records under seal for this Court to review.

{¶8} The following evidence was adduced at trial.

{¶9} Lancaster Police Officer Cody Callihan was working the 11 p.m. to 7 a.m. shift on November 13, 2020, when he and Officer Roxx Williams responded to a disturbance call at 324 South Broad Street, Apartment B, in Lancaster, Fairfield County, Ohio. Officer Callihan responded to two calls to the residence, one before midnight on November 13, 2020, and the second between 2:00 a.m. and 3:00 a.m. on the morning of November 14, 2020. When he and Officer Williams arrived in response to the first call, Officers Callihan and Williams observed the outer pane of the window of the front door had been shattered. The officers made contact with Amanda Hurst, the resident, and Shane Moneymaker. Hurst advised Officer Callihan Appellant had entered the residence without permission, yelling at her to give him his belongings. The officers were aware Hurst had a protection order against Appellant, which was issued in February, 2020, and named herself and her and Appellant's daughter as the protected parties.

{¶10} Moneymaker, who was visiting Hurst, was upstairs using the bathroom when he heard a commotion. As he descended the stairs, Appellant called to him, "come here, Bitch," and began to physically assault him on the stairwell. Hurst screamed at Appellant to leave or she would call the police. Appellant left, telling Hurst he would be back for her. Officer Williams photographed Moneymaker's injuries and the scene. Callihan identified the photographs, which depicted three lacerations on Moneymaker's face, teeth impressions and an injury on the back of his neck, bite marks on his arm, and injury to his right hand. Hurst and Moneymaker provided the officers with a description of Appellant's vehicle. Officers Callihan and Williams proceeded to Appellant's residence at 320 Washington Avenue in an attempt to locate him. The officers surveyed the area, but did not find Appellant or his vehicle. Officer Callihan returned to the police department.

{¶11} At 2:54 a.m. on the morning of November 14, 2020, Officer Callihan was again dispatched to Hurst's residence. Officer Ray Hambel and Lieutenant Poffenbarger were at the scene when Officer Callihan arrived. Sergeant Eggleston arrived soon thereafter. Hurst, Moneymaker, Cynthia Rager, Hurst's mother, and Tayvia Beck, a neighbor, were at the residence when the officers arrived. They all identified Appellant as the suspect. Officer Callihan learned Appellant had returned to the residence with an individual named Brandon Reed. Appellant shattered the window of the downstairs bathroom. Thereafter, Appellant, brandishing a knife, entered through the front door. Appellant grabbed Hurst, held the knife to her neck, and threatened her. Reed entered the residence by throwing a brick through the back door. As Appellant was leaving the residence, he grabbed a bag belonging to Rager.

**{¶12}** After hearing all the evidence and deliberating, the jury found Appellant guilty of count one of the indictment, aggravated burglary, and acquitted him of count two (aggravated burglary), count three (aggravated robbery), and count four (domestic violence). The trial court conducted a sentencing hearing on September 13, 2021, and ordered Appellant to serve an indefinite period of incarceration of 4 to 6 years. The trial court credited Appellant with 299 days served.

**{¶13}** It is from his conviction and sentence Appellant appeals, raising the following assignments of error:


I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS, IN VIOLATION OF APPELLANT'S RIGHT TO A SPEEDY TRIAL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

II. APPELLANT'S CONVICTION FOR AGGRAVATED BURGLARY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

III. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING IMMUNITY TO BRANDON REED PURSUANT TO R.C. 2945.44.

IV. THE TRIAL COURT'S DECISION TO DENY APPELLANT'S REQUEST TO VIEW RECORDS FROM THE FAIRFIELD COUNTY JUVENILE COURT AND FAIRFIELD COUNTY CHILD PROTECTIVE SERVICES, INCLUDING, BUT NOT LIMITED TO, DRUG TESTING

RECORDS, RELATING TO AMANDA HURST, WAS AN ABUSE OF DISCRETION.

V. THE TRIAL COURT'S DECISION TO EXCLUDE RECORDS FROM THE FAIRFIELD COUNTY JUVENILE COURT AND FAIRFIELD COUNTY CHILD PROTECTIVE SERVICES, INCLUDING, BUT NOT LIMITED TO, DRUG TESTING RECORDS, RELATING TO AMANDA HURST, WAS AN ABUSE OF DISCRETION.

VI. R.C. 2967.171, ALSO KNOWN AS THE "REAGAN TOKES ACT," WHICH ALLOWS THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS TO UNILATERALLY EXTEND APPELLANT'S SENTENCE, IS UNCONSTITUTIONAL UNDER BOTH THE UNITED STATES CONSTITUTION, ARTS. I, II, AND III, AND AMENDS. V, VI AND XIV, AND THE OHIO CONSTITUTION, ART. I, SEC. 10, AND ART. IV, SEC. 1 AND 3(B)(2).

I

**{¶14}** In his first assignment of error, Appellant asserts the trial court erred in denying his motion to dismiss on speedy trial grounds. We disagree.

**{¶15}** R.C. 2945.71(C)(2) requires "[a] person against whom a charge of felony is pending * * * be brought to trial within two hundred seventy days after his arrest." R.C. 2945.71(E) provides "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." "The statutory speedy trial period begins to run on the date the defendant has been arrested; however, the date of arrest is

not counted when calculating speedy trial time." *State v. Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, 2015 WL 4043007, ¶ 21.

**{¶16}** Appellant was arrested on November 15, 2020, and was held in the Fairfield County Jail until his trial on August 24, 2021. Thus, it would appear Appellant was not brought to trial within the time limits set forth in R.C. 2945.71(C).

**{¶17}** A defendant establishes a prima facie case for discharge once he/she demonstrates he/she has not been brought for trial within the time limits set forth in R.C. 2945.71. *State v. Ashbrook*, 5th Dist. Licking No. 06 CA 158, 2007-Ohio-4635, 2007 WL 2582869, ¶ 49, citing *State v. Butcher*, 27 Ohio St.3d 28, 30–31, 500 N.E.2d 1368 (1986). When a defendant has established he was tried outside speedy-trial time limits, the burden shifts to the state to show the time limit was extended under R.C. 2945.72. *Id.* at ¶ 31. If the state fails to produce evidence in rebuttal under R.C. 2945.72, then discharge pursuant to R.C. 2945.73(B) is required. *Id.*

**{¶18}** "When reviewing a speedy-trial issue, an appellate court must calculate the number of days chargeable to either party and determine whether the appellant was properly brought to trial within the time limits set forth in R.C. 2945.71." *State v. Riley*, 162 Ohio App.3d 730, 2005-Ohio-4337, 834 N.E.2d 887, ¶ 19.

**{¶19}** R.C. 2945.72, which sets forth the provisions tolling the speedy trial parameters, provides, in pertinent part:

> The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;

Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;

* *

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

* *

(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion * * *

**{¶20}** Appellant was initially arrested and held in custody on November 15, 2020. The first day of arrest is not included in the speedy trial calculation *State v. Adams,* 144 Ohio St.3d 429, 45 N.E.3d 127, 2015–Ohio–3954. "The statutory time limits for speedy

trial begin to run on the day after the date of arrest or service of summons." *State v. Mathias*, 5th Dist. Morrow No. 2020CA0001, 2021-Ohio-423, 2021 WL 597705, ¶ 51 (Citations omitted). As such, Appellant's speedy trial time commenced on November 16, 2020.

**{¶21}** Appellant filed a motion to modify bond, a motion for discovery and motion for notice of intention to use evidence, and a motion for bill of particulars on November 18, 2020. The filing of the motion for bond modification tolls the running of speedy trial time. *State v. Rouse*, 5th Dist. Tuscarawas No. 2007 AP 12 0078, 2008-Ohio-5891, ¶¶ 20-21. Likewise, "[a] defendant's demand for discovery tolls the speedy trial time until the state responds to the discovery, or for a reasonable time." *State v. Heatherington*, 5th Dist. Richland No. 2021CA0021, 2022-Ohio-1375, ¶ 49, citing *State v. Shabazz*, 8th Dist. Cuyahoga No. 95021, 2011-Ohio-2260, ¶ 26, 31; R.C. § 2945.72(E).

**{¶22}** During the period between November 15, 2020, and November 17, 2020, six (6) days are chargeable to the state (2 times 3). As stated, supra, the first day of arrest, November 15, 2020, is not included in the speedy trial calculation. *Adams*, supra.

**{¶23}** Appellant concedes the time between his discovery request and motion to modify bond (November 18, 2020) and the state's initial compliance (January 7, 2021) was tolled. See, Appellant's Brief at 8. The speedy trial clock began to run again on January 8, 2021. Appellant filed a motion to continue on February 5, 2021. Twenty-eight (28) days elapsed between January 8, 2021, and February 4, 2021. The state is charged with a total of 84 days for speedy trial purposes (28 times 3). The trial court rescheduled the trial for March 30, 2021. We find time was tolled for speedy trial purposes from February 5, 2021, to March 30, 2021. "[I]t is well-established that a defense motion to

continue trial tolls the speedy trial clock until the rescheduled trial date." *State v. Caulton,* 7th Dist. Mahoning No. 09 MA 140, 2011-Ohio-6636, 2011 WL 6778038, ¶ 33, citing R.C. 2945.72(H) and *State v. Brown,* 7th Dist. Mahoning No. 03–MA–32, 2005-Ohio-2939, 2005 WL 1385715, ¶ 41.

{¶24} The state filed a motion to continue on March 17, 2021. Appellant submits the period between March 17, 2021, and May 19, 2021, when he filed a motion to continue, should be charged to the state. The state counters its motion was reasonable and necessary; therefore, the speedy trial time should be tolled pursuant to R.C. 2945.72(H).

{¶25} Pursuant to R.C. 2945.72(H), continuances granted on the state's motion will toll the running of speedy trial time if the continuance is reasonable and necessary under the circumstances of the case. *State v. Saffell*, 35 Ohio St.3d 90, 91, 518 N.E.2d 934 (1988). The record must affirmatively demonstrate the continuance was reasonable and necessary. *Id.* A continuance must be journalized before the expiration of the time limit specified in R.C. 2945.71. *State v. King*, 70 Ohio St.3d 158, 1994-Ohio-412, 162, 637 N.E.2d 903, citing *State v. Mincy*, 2 Ohio St.3d 6, 441 N.E.2d 571 (1982), syllabus. The reasonableness of a continuance is determined by examining the purpose and length of the continuance as specified in the record. *State v. Lee*, 48 Ohio St.2d 208, 210, 357 N.E.2d 1095 (1976). The reasonableness of a continuance must be reviewed on a case by case basis. See, *Saffell*, supra., at 91.

{¶26} The state set forth three grounds in support of its position its March 17, 2021 motion for continuance was reasonable and necessary: 1. The unavailability of Lancaster Police Officer Cook due to a scheduled vacation; 2. the unavailability of the prosecutor

due to a scheduled vacation; and 3. the analysis of Appellant's cell phone, which he asserted was necessary for his defense, had not been completed.

**{¶27}** In *Saffell,* supra, the Ohio Supreme Court held a continuance based on the fact the arresting officer would be on vacation at the time of trial was not unreasonable. *Id.* at 92. See also, *State v. Williamson*, 5th Dist. Licking No. 2005 CA 00046, 2005-Ohio-6198, ¶ 35 ("A continuance based upon the fact the arresting officer is unavailable at the time of trial is not unreasonable"). In its March 19, 2021 Entry of Continuance, the trial court found the state's motion for continuance was reasonable and necessary. We agree; therefore, we find the state's motion tolled the running of speedy trial time under R.C. 2945.72(H). Further, the trial court journalized the continuance before the expiration of the time limit specified in R.C. 2945.71.

**{¶28}** In addition, we also find the state's motion for continuance was reasonable and necessary given the analysis of Appellant's cell phone had not been completed. In a motion filed February 16, 2021, Appellant requested the trial court issue an order to the Fairfield County Sherriff's Office to release his cell phone as the information contained therein was "needed to aid in the defense of this matter." Motion for Release of Cell Phone from FCSO. In response, on February 22, 2021, the state obtained a search warrant for the cell phone and sent the cell phone to the Bureau of Criminal Investigation for analysis.

**{¶29}** Accordingly, we find the period between March 17, 2021, and May 19, 2021, when Appellant filed another motion to continue, was properly tolled. Assuming, arguendo, the tolling of the speedy trial time due to the state's motion to continue was unreasonable, we find March 17, 2021, is not the appropriate date on which to restart the

speedy trial clock. Upon Appellant's own motion to continue, the trial was rescheduled for March 30, 2021. The state filed its motion to continue during the tolled period. Even in the absence of the state's motion to continue, only 50 days elapsed between March 30, 2021, and May 19, 2021, when Appellant filed additional motions. At most, the state would have been charged with 150 days for speedy trial purposes (50 times 3).

{¶30} On May 19, 2021, Appellant filed a motion to reduce bond. The trial court overruled the motion on June 16, 2021. As stated, supra, the filing of the motion for bond modification tolls the running of speedy trial time. *State v. Rouse*, supra.

{¶31} Also, on May 19, 2021, Appellant filed a motion to continue jury trial/motion to have time counted against state. Appellant maintained the time should be counted against the state as he had not yet received his cell phone or the cell phone contents from the state. The state filed a memorandum contra Appellant's motion to have time counted against the state. The trial court continued the trial to August 24, 2021. The trial court overruled Appellant's motion to have time counted against the state on June 16, 2021. The trial court noted probable cause was previously found for the issuance of a search warrant relative to Appellant's cell phone and the contents thereof.

{¶32} The period between Appellant's filing of his motion reduce bond, and his motion to continue and to have time counted against state (May 19, 2021) and the trial court's ruling thereon (June 16, 2021) tolled the running of the speedy trial time. Once the trial court determined the time should not be counted against the state, the speedy trial time was tolled until August 24, 2021, the rescheduled trial date.

{¶33} We find 240 days of Appellant's speedy trial time elapsed:

{¶34} November 16, 2020 – November 17, 2020 6 days (2 times 3)

**{¶35}** January 8, 2021 – February 4, 2021 84 days (28 times 3)

**{¶36}** March 30, 2021 – May 19, 2021 150 days (50 times 3 – assuming, arguendo, the continuance at the state's request was unreasonable)

**{¶37}** Total 240 days (at most).

**{¶38}** Based upon the foregoing, we overruled Appellant's first assignment of error.

II

**{¶39}** In his second assignment of error, Appellant challenges his conviction for aggravated burglary in Count One as against the manifest weight of the evidence.

**{¶40}** In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 678 N.E.2d 541, *quoting State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

**{¶41}** Appellant was convicted of Count One of the indictment, aggravated burglary, in violation of R.C. 2911.11(A)(1) and (B). R.C. 2911.11 provides, in relevant part:

> No person, by force, stealth, or deception, shall trespass in an
> occupied structure or in a separately secured or separately occupied portion
> of an occupied structure, when another person other than an accomplice of

the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:

The offender inflicts, or attempts or threatens to inflict physical harm on another;

\* \*

Whoever violates this section is guilty of aggravated burglary, a felony of the first degree.

**{¶42}** Appellant asserts, "the testimony of the State's alleged eyewitnesses – Hurst, Rager, Beck, and Moneymaker – was not credible."  Brief of Appellant at 13. Appellant adds the testimony of the eyewitnesses contained a number of contradictions and "[m]any of the statements the State's witnesses made were either illogical or completely contradictory to one another."  *Id.* at 15.  Appellant submits "[t]he inconsistencies in the testimony of the State's alleged eyewitnesses show that these four witnesses were not credible" and "[t]he effect of their inconsistent testimony was to detract from their own credibility and, in turn, bolster that of [Appellant]."  *Id.* at 16.

**{¶43}** Upon review of the evidence as set forth in our Statement of the Case and Facts, set forth supra, as well as the testimony presented at trial, we find Appellant's conviction was not against the manifest weight of the evidence.

**{¶44}** Count one of the indictment charged Appellant with aggravated burglary as follows:

On or about November 13, 2020, at the County of Fairfield, State of Ohio or venue being properly placed there pursuant to 2901.12(H), aforesaid, Joseph H. Stevens, unlawfully did, by force, stealth, or deception, trespass, as defined in section 2911.21(A)(1) of the Revised Code, in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when S.M., a person other than the accomplice, was present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, to wit: Assault and/or Violation of a Protection Order, O.R.C. 2903.12 and/or 2919.27, and the offender inflicted, or attempted or threatened to inflict physical harm on S.M. in violation of 2911.11(A)(1), 2911.11(B) of the Ohio Revised Code.

November 25, 2020 Indictment.

**{¶45}** Amanda Hurst testified in February, 2020, she sought and received a protection order against Appellant, which remained in effect at the time of the incident. Any contact between Hurst and Appellant relating to their daughter was to be through Hurst's mother, Rager.  On the evening of November 13, 2020, Hurst and Shane Moneymaker were at her residence when Hurst heard a consistent rumbling noise, which she believed was coming from one of the neighbors.  When Hurst walked toward the foyer to investigate the noise, she observed Appellant who had broken the glass on the storm door.  Appellant was yelling at Hurst to give him his "stuff."  Tr., Vol. II at 258.  Hurst indicated Appellant did not have any belongings at her residence and did not have her

permission to leave belongings there.  Appellant walked past Hurst despite her telling him he was not welcome to be in her home.  Hurst then described the altercation between Appellant and Moneymaker.  Hurst continued to demand Appellant leave, finally calling the police.

**{¶46}** Moneymaker testified, he visited Hurst on the evening of November 13, 2020. While he was upstairs taking a shower, he heard glass breaking and Hurst screaming. As he descended the stairs, he observed Appellant "bursting through the front door into the dining room."  Tr. Vol. III at 536-537. Appellant "jumped off the bottom step [of the staircase] before the landing and struck [Moneymaker] in the face over the top of the bannister." *Id.* at 538.  Thereafter, a physical altercation ensued between Appellant and Moneymaker.  Appellant scratched Moneymaker's face and bit Moneymaker's arm and the back of his neck.  When Officers Callihan and Williams arrived at the scene, Officer Williams photographed Moneymaker's injuries and the damage Appellant caused to the residence.  Officer Callihan, Hurst, and Moneymaker identified the photographs at trial.

**{¶47}** The jury was free to accept or reject any or all of the evidence offered by the parties and assess the witnesses' credibility. Indeed, the jurors need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. McGregor*, 5th Dist. Ashland No. 15-COA-023, 2016-Ohio-3082, 2016 WL 294299. The jury clearly believed the testimony of the Hurst and Moneymaker as to count one of the indictment.

**{¶48}** Based upon the foregoing and the entire record in this matter, we find Appellant's conviction was not against the manifest weight of the evidence.

**{¶49}** Appellant's second assignment of error is overruled.

III

**{¶50}** In his third assignment of error, Appellant maintains the trial court abused its discretion in granting immunity to Brandon Reed, one of the state's witnesses.

**{¶51}** Reed testified regarding his involvement with Appellant during the second incident which occurred between 2 and 3 a.m. on November 14, 2020, and which gave rise to counts 2, 3, and 4 of the indictment.

**{¶52}** Because the jury acquitted Appellant of counts 2, 3, and 4, we find Appellant was not prejudiced by the trial court granting immunity to Reed.

**{¶53}** Appellant's third assignment of error is overruled.

IV, V

**{¶54}** In his fourth assignment of error, Appellant argues the trial court abused its discretion in denying his request to view records from the Fairfield County Juvenile Court and Fairfield County Child Protective Services relating to Amanda Hurst. In his fifth assignment of error, Appellant contends the trial court abused its discretion in excluding the same records from evidence.

**{¶55}** We note juvenile court and children services agency records are confidential. R.C. 2151.14; R.C. 5153.17; R.C. 2151.421; Juv.R. 27, 32, and 37; *State ex rel. Clough v. Franklin Cy. Children Servs.,* 144 Ohio St.3d 83, 2015-Ohio-3425, 40 N.E.3d 1132, ¶1. The exceptions to confidentially are narrow and the burden is on the requester to show good cause. *Id.* at ¶ 25. " 'Good cause' is defined as that which is in the *best interest* of the child." *Conrad v. Richland Cty. Children Serv.*, 5th Dist. Richland No. 2012-Ohio-3871, ¶ 18. (Citation omitted). "The good cause show must outweigh the considerations underlying the confidentiality requirement." *Clough*, supra at ¶ 25. (Citation

omitted).  This Court has adopted the good cause standard when an individual request the records of a children services agency.  *Conrad,* supra at ¶19. This Court has expressly rejected the assertion of criminal defendant is simply entitled to such records. *State v. Dixon*, Richland App. No. 03 AP 75, 2004-Ohio-3940, ¶ 10-12.

**{¶56}**  Appellant sought these records and the introduction thereof to raise doubts in the minds of the jurors as to the credibility of Hurst, Rager, and Moneymaker.  We have reviewed the records sealed by the trial court following its in camera review and conclude the trial court did not abuse its discretion in excluding them.  Assuming, arguendo, the trial court erred in excluding the records, we find such error was harmless.  Appellant was acquitted of counts two, three, and four of the Indictment.  Additionally, we find Moneymaker's testimony alone was sufficient to find Appellant guilty of count one.

**{¶57}**  Appellant's fourth and fifth assignments of error are overruled.

VI

**{¶58}**  In his final assignment of error, Appellant submits the Reagan Tokes Act is unconstitutional, as it violates separation of powers and his right to trial by jury.

**{¶59}**  For the reasons stated in this Court's opinion in *State v. Householder*, 5th Dist. Muskingum No. CT2021-0026, 2022-Ohio-1542, we find the Reagan Tokes act is constitutional.

**{¶60}**  Appellant's sixth assignment of error is overruled.

{¶61}  The judgment of the Fairfield County Court of Common Pleas is affirmed.



By: Hoffman, P.J.

Wise, John, J.  and

Delaney, J. concur