[Cite as *State ex rel. Blalock v. O'Malley*, 2025-Ohio-2009.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO EX REL., MARCUS
BLALOCK,                                        :

      Relator,                               :

                                            No. 114487

      v.                                     :

MICHAEL C. O'MALLEY,                            :

      Respondent.                            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DISMISSED
**DATED:** June 4, 2025

---

Writ of Mandamus
Motion No. 582328
Order No. 584510

---

***Appearances:***

Kimberly Kendall Corral, *for relator*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Michael J. Stewart, Assistant Prosecuting Attorney, *for respondent*.

---

MARY J. BOYLE, J.:

{¶ 1} Marcus Blalock ("Blalock"), the relator, has filed a complaint for a writ of mandamus. Blalock requests that this court order Michael C. O'Malley, Cuyahoga County Prosecutor ("Prosecutor O'Malley"), the respondent, to produce

its investigative file, that resulted from the operation of a Conviction Integrity Unit program ("CIU") by Prosecutor O'Malley, for an in camera inspection and to compel the disclosure of all information that may be favorable to Blalock. Prosecutor O'Malley has filed a motion for summary judgment that is granted for the following reasons.

## I. BACKGROUND

{¶ 2} The following factual statements are garnered from Blalock's complaint for mandamus, Prosecutor O'Malley's Civ.R. 12(B)(6) motion to dismiss, Blalock's opposition to the motion to dismiss, Prosecutor O'Malley's Civ.R. 56(C) motion for summary judgment, and Blalock's opposition to the motion for summary judgment. In *State v. Blalock*, Cuyahoga C.P. Nos. CR-01-407194-B and CR-01-407947-C, Blalock was convicted of the offenses of aggravated murder, murder, kidnapping, aggravated robbery, having weapons while under disability, tampering with evidence, and obstruction of justice. On appeal, in *State v. Blalock*, 2002-Ohio-4580 (8th Dist.), this court affirmed Blalock's convictions for the offenses of aggravated murder, murder, kidnapping, aggravated robbery and having weapons while under disability, but reversed Blalock's conviction for obstruction of justice, on the basis of insufficient evidence, and also found that the trial court erred by ordering the sentences imposed in CR-01-407947-C run consecutively to the sentence imposed in CR-01-407194-B. The sentence for tampering with evidence was reversed and remanded for resentencing.

{¶ 3} Blalock has filed numerous postconviction motions that have been denied by the trial court and found to be without merit on appeal: *State v. Blalock*, 2003-Ohio-3026 (8th Dist.) (trial court's denial of motion for new trial affirmed); *Blalock v. Wilson*, 320 Fed. Appx. 396 (6th Cir. 2009) (federal habeas corpus denied); *State v. Blalock*, 2010-Ohio-4494 (8th Dist.) (trial court's denial of motion for new trial/post-conviction relief affirmed); *State v. Blalock*, 2017-Ohio-2658 (8th Dist.) (trial court's denial of motion for new trial affirmed).

{¶ 4} On April 23, 2018, Blalock filed an application with the CIU program operated by the office of Prosecutor O'Malley. The CIU program is an internal function that reviews a defendant's criminal conviction after all appeals have been exhausted. The CIU program exists outside of the normal operations of Prosecutor O'Malley's office and is not governed by any court rules or any section of the Ohio Revised Code. The CIU program was voluntarily created in order to determine whether additional or new exculpatory evidence exists, after an investigation, to challenge an applicant's original conviction.

{¶ 5} Blalock completed a CIU program "intake form" through which he acknowledged that he had been convicted of criminal offenses in Ohio and also waived specific rights:

1. I acknowledge that I have been convicted of the offense(s) noted above by the State of Ohio.

2. I believe that credible evidence of innocence exist.

3. I am requesting that the CIU review my claim of actual innocence.

4. I consent to a formal inquiry of my case by the Conviction Integrity Unit.

5. I agree to fully cooperate with the Conviction Integrity Unit's review.

6. I agree to provide full disclosure regarding all inquiries made by the Conviction Integrity Unit.

7. I understand that if I refuse to cooperate in any way or become uncooperative with the Conviction Integrity Unit's review process, the review may be cancelled.

8. I understand that the Conviction Integrity Unit may determine that my case does not meet its criteria and at any point reject my claim.

9. I understand that I have no right to appeal a rejection of my claim by the Conviction Integrity Unit.

10. I understand, as it relates ONLY to my pending application and the associated case being reviewed by the CIU, I am waiving of my right against self-incrimination pursuant to the Fifth Amendment of the United States Constitution and Article I Section 10 of the Ohio Constitution.

11. I understand that the Conviction integrity Unit may provide disclosure to the appropriate authorities of the following:

(a) Evidence uncovered by the Conviction Integrity Unit that tends to show that other people may have been involved In the commission of the crime(s) for which I was convicted.

(b) Evidence that others committed criminal acts or other wrongdoings will be referred to the appropriate law enforcement authorities.

12. I also understand that evidence uncovered by the Conviction Integrity Unit that is favorable to me shall be disclosed to me or my legal representative regardless of the outcome of the review.

13. I understand that I am waiving my attorney-client privilege for any attorney who has represented me in the past on this case, or who is presently representing me in connection with this application under the CIU. I fully understand that this waiver and consent include the ability for the CIU to speak with me directly as well as to speak with both my past and present attorneys and for the CIU to receive and

review a copy of my attorney files related to the case being reviewed by the CIU under this application.

{¶ 6} Between 2018 and 2022, Blalock, and other individuals acting on his behalf, contacted the CIU program concerning his application and its status. On September 21, 2022, Blalock filed a motion to compel, in Cuyahoga C.P. No. CR-01-407194-C, seeking to require the production and review of the CIU investigatory file. On October 6, 2022, the trial court denied Blalock's motion to compel and held the following:

> Defendant's motion to compel. Filed 09/21/2022, is denied.

> This court has no jurisdiction over the CIU. Clerk ordered to send a certified copy of this order to: Kimberly Kendall Corral. Esq 4403 St. Clair Ave Cleveland. Oh 44103

{¶ 7} On November 22, 2022, Blalock filed an amended motion for a court order to compel production of the investigation conducted by Prosecutor O'Malley's office through the CIU program. On March 6, 2023, the trial court denied Blalock's amended motion to compel and held that

> [o]n 9/21/22, Defendant filed a motion to compel which was denied. On 11/22/22, Defendant filed an amended motion for court order to compel production of the investigation by the prosecutor's office. On 2/14/23, Defendant filed a motion for judgement. In 2017, Defendant filed an application for review of his conviction by the prosecutor's Conviction Integrity Unit (CIU). Over the years since the application, in spite of various communication and inquiries from the defendant demanding information from the prosecutor regarding the matter, no final decision has been served upon the defendant in this case. It does appear from prior court filings that investigative materials were forwarded to defendant. It also appears that the unit is no longer functioning as originally intended as the citizen component no longer exists due to resignation. The CIU, to the extent it has not already provided any exculpatory evidence and in keeping with its agreement is to notify counsel as to the status and final determination of

defendant's application, forthwith.  The pending motions are rendered moot.

**{¶ 8}** On March 20, 2023, Blalock filed a motion for a hearing to establish a record.  On March 21, 2023, the trial court denied Blalock's motion for a hearing and held that

> [d]efendant's motion for hearing to establish a record, filed 03/20/2023, is denied.  No just cause for delay.

**{¶ 9}** On April 12, 2023, Blalock filed a motion to show cause premised upon the failure of Prosecutor O'Malley to provide any exculpatory material that resulted from the CIU investigation as ordered by the trial court on March 6, 2023. On July 31, 2023, the trial court denied Blalock's motion to show cause.

**{¶ 10}** On February 8, 2024, an investigator for the CIU program, by letter, informed Blalock that his claim of factual innocence did not meet the CIU's criteria for relief:

> Our Office is in receipt the letters and supporting documents mailed by your office and by the defendant regarding his request for review of the above referenced case. His original application and your supplemental application set out reasons to support your belief that Mr. Blalock was wrongfully convicted.
>
> Please be advised that based on the information you and your client provided, the facts of the case, statements, the post-conviction record and after reviewing our files, it appears that your actual innocence claim does not meet the necessary criteria. However, even though we have made that initial determination regarding actual innocence, you nevertheless have always been and continue to be free to pursue any appellate relief you believe you may have through the normal legal process.

Complaint for mandamus, Exhibit K.

**{¶ 11}** Apparently, Blalock also attempted to file a public records request, with Prosecutor O'Malley in 2024, that sought the CIU investigatory file pursuant to R.C. 149.43. *See* Paragraph 25 of the complaint for mandamus. On July 2, 2024, Prosecutor O'Malley declined to provide the CIU investigatory file on the basis that Blalock had failed to comply with R.C. 149.43(B)(8):

> I am the Assistant Prosecuting Attorney [Kelli Perk] assigned to review and respond to your public records request for our file in the criminal case State of Ohio v Marcus Blalock, Cuyahoga County Common Pleas Case No. CR-01-407194. The Ohio General Assembly has limited access to some public records when criminal case records are requested by incarcerated persons.

> Ohio's Public Records Law, specifically R.C. 149.43(B)(8), provides:

>> A public office or person responsible for public records is not required to permit <u>a person who is incarcerated pursuant to a criminal conviction</u> or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or <u>concerning what would be a criminal investigation or prosecution</u> if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge <u>who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.</u>

> Because Marcus Blalock is incarcerated pursuant to a criminal conviction and you have not provided us with a finding by his sentencing judge or judge's successor that the information you seek is necessary to support what appears to be a justiciable claim, this office is not required to provide the requested records to you.

This restriction applies to incarcerated individuals as well as their designees. As you are listed as counsel for Mr. Blalock on the Court's docket and have filed pleadings on his behalf in recent months, you are clearly his designee. A designee cannot do indirectly what the incarcerated individual cannot do directly. *See State ex rel. Barb v. Cuyahoga County Jury Commr.*, 128 Ohio St.3d 528, 2011-Ohio-1914, affirming 2010-Ohio-6190.

Therefore, you must seek and receive a finding from Mr. Blalock's sentencing judge or successor before we are required to provide public records from our case file to you.

(Underscore contained in original communication.)

{¶ 12} The following is a chronological listing of activity that has occurred in Blalock's complaint for a writ of mandamus:

1) October 22, 2024, Blalock filed a complaint for a writ of mandamus;

2) October 25, 2024, Blalock's complaint for mandamus is referred to the Eighth District Court of Appeal's Conference Attorney for mediation;

3) November 11, 2024, complaint for mandamus referred back to merit panel for deposition;

4) November 18, 2024, Prosecutor O'Malley filed a Civ.R. 12(B)(6) motion to dismiss;

5) January 9, 2025, Blalock filed a brief in opposition to Prosecutor O'Malley's motion to dismiss;

6) January 21, 2025, Prosecutor O'Malley's motion to dismiss was converted into a Civ.R. 56(C) motion for summary judgment;

7) March 24, 2025, Blalock filed a brief in opposition to Prosecutor O'Malley's motion for summary judgment.

## II. Analysis

### A. Three Prongs for Granting Mandamus

{¶ 13} Blalock seeks a writ of mandamus in order to compel Prosecutor O'Malley to produce the CIU investigative file for an in camera inspection and/or require Prosecutor O'Malley to disclose all information that resulted from the CIU investigation. To be entitled to a writ of mandamus, Blalock must establish by clear and convincing evidence that (1) he possesses a clear legal right to the requested relief, (2) Prosecutor O'Malley possesses a clear legal duty to provide the requested relief, and (3) Blalock does not possess an adequate remedy in the ordinary course of the law. *State ex rel. Shubert v. Breaux*, 2024-Ohio-2491; *State ex rel. Manley v. Walsh*, 2014-Ohio-4563; *State ex rel. Westbrook v. Ohio Civ. Rights Comm.*, 17 Ohio St.3d 215 (1985). Blalock must prove that he is entitled to a writ of mandamus by clear and convincing evidence. *State ex rel. Marsh v. Tibbals*, 2017-Ohio-829; *State ex rel. Waters v. Spaeth*, 2012-Ohio-69. Clear and convincing evidence is a measure or degree of proof that is more than a preponderance of the evidence but less than the beyond a reasonable doubt standard required in a criminal case; clear and convincing evidence produces in the trier of fact's mind a firm belief of the fact sought to be established. *State ex rel. Ware v. Crawford*, 2022-Ohio-295; *State ex rel. Miller v. Ohio State Hwy. Patrol*, 2013-Ohio-3720.

{¶ 14} In addition, this court must exercise the utmost caution when issuing a writ of mandamus and it is within this court's discretion to deny the writ when any

element is lacking or in a close case. *Patterson v. Cuyahoga Cty. Common Pleas Court*, 2019-Ohio-110; *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141 (1967).

## B. First and Second Prong for Granting Mandamus: Right and Duty

{¶ 15} Blalock argues that his mandamus claim, that of right and duty to inspect the investigatory file created through the CIU program, is enforceable under the CIU agreement executed between himself and Prosecutor O'Malley. Blalock has failed to establish, by clear and convincing evidence, the first and second prongs of the three-part test required to grant a writ of mandamus. Initially, we find that the CIU "Waiver and Consent" form executed by Blalock on April 23, 2018, did not create a right for Blalock or a duty on the part of Prosecutor O'Malley to allow for an in camera inspection or to require Blalock's review of the CIU investigatory file. The Ohio Supreme Court has held that mandamus cannot be employed to enforce an agreement between a relator and the State:

> And there is a more fundamental problem with [relator's] mandamus claim: relator wants to enforce an agreement between himself and the state, claiming that the prosecuting attorney has a contractual duty to join in the filing of a motion. *See State v. Dye*, 127 Ohio St.3d 357, 2010-Ohio-5728, 939 N.E.2d 1217, ¶ 21. But an obligation that arises only under contract is not enforceable in mandamus. *Zanesville Gas-Light Co. v. Zanesville*, 47 Ohio St. 35, 51, 23 N.E. 60 (1889). We affirm the court of appeals' judgment because [relator] has not established a clear legal duty enforceable in mandamus.

*State ex rel. Duncan v. Driscoll*, 2023-Ohio-3113, ¶ 11.

{¶ 16} It must also be noted that Blalock's attempt to employ mandamus, to require disclosure of the CIU investigatory file pursuant to the "Waiver and Consent"

form, does not create any right on his part or duty on the part of Prosecutor O'Malley because the CIU constitutes an internal policy that was not created by any statute pursuant to the Ohio Revised Code.

{¶ 17} In *State ex rel. Shie v. Ohio Adult Parole Auth.*, 2022-Ohio-270, the Supreme Court of Ohio held that an internal policy of a governmental entity, that has not been created because of an act of the Ohio legislature, cannot be enforced through mandamus:

> As alternative relief, Shie asks for a writ of mandamus ordering the APA to abide by its internal policy governing the post-release control-violation hearing process. Specifically, Shie cites ODRC Policy 105-PBD-09, which, he contends, shows that the most serious violation that he was found to have committed warranted only a 90-day prison term. Shie also argues that no prison term longer than 180 days may be imposed without the APA chief hearing officer's approval, which Shie argues did not happen in this case. Thus, Shie contends that he is entitled to a writ of mandamus ordering the APA to either reduce his 270-day prison sentence or have the sentence reviewed by the APA chief hearing officer.
>
> Shie is not entitled to the requested relief. He relies solely on ODRC Policy 105-PBD-09 as the source of the alleged duty he seeks to enforce. But the creation of a duty enforceable in mandamus is the function of the legislative branch of government. *State ex rel. Clough v. Franklin Cty. Children Servs.*, 144 Ohio St.3d 83, 2015-Ohio-3425, 40 N.E.3d 1132, ¶ 15. An internal policy of an agency does not create a legal duty enforceable in mandamus. *See id.*; see also *State ex rel. Aaron's, Inc. v. Ohio Bur. of Workers' Comp.*, 148 Ohio St.3d 34, 2016-Ohio-5011, 68 N.E.3d 757, ¶ 26.

*Id.* at ¶ 10 – 11.

{¶ 18} Because Prosecutor O'Malley's CIU program constitutes an internal policy, that was not created by an act of the Ohio Legislature and enshrined into the Ohio Revised Code, Blalock has failed to establish any right or duty to require

examination of the investigatory file produced by the CIU program. *Duncan*, 2025-Ohio-978; *State ex rel. Ellis v. Chambers-Smith*, 2024-Ohio-1615; *State ex rel. Adams v. Hoying*, 2025-Ohio-1562 (10th Dist.)

## C. Third Prong for Granting Mandamus – Adequate Remedy at Law

{¶ 19} The third prong required to obtain a writ of mandamus involves a determination of whether Blalock possessed or possesses an adequate remedy in the ordinary course of the law. An appeal is generally considered an adequate remedy in the ordinary course of law sufficient to preclude a writ. *Shoop v. State*, 2015-Ohio-2068; *Pressley*, 11 Ohio St.2d 141 (1967). It must also be noted that Blalock has failed to demonstrate that he lacked an adequate remedy in the ordinary course of the law. The Supreme Court of Ohio has held that the availability of an appeal is an adequate remedy sufficient to preclude a writ, regardless of whether the appeal was unsuccessful or even wrongly decided. *State ex rel. Peoples v. Johnson*, 2017-Ohio-9140; *State ex rel. Luoma v. Russo,* 2014-Ohio-4532. The availability of an appeal is an adequate remedy even if the relator fails to pursue the appeal. *State ex rel. Gaydosh v. Twinsburg*, 93 Ohio St.3d 576 (2001). *See also Jackson v. Johnson*, 2013-Ohio-999.

{¶ 20} Herein, Blalock either possessed or possesses an adequate remedy in the ordinary course of the law. Through an appeal, Blalock could have challenged the following trial court judgments through appeals to this court: 1) motion to compel production of the CIU investigatory file denied October 6, 2022; 2) amended motion to compel production of the CIU investigatory file denied March 6, 2023; 3)

motion for hearing to establish a record denied March 21, 2023; and 4) motion to show cause for failure of Prosecutor O'Malley to provide exculpatory material from CIU investigation denied July 31, 2023. Blalock's failure to file appeals from the aforesaid trial court judgments prevents the granting of mandamus, because he possessed an adequate remedy at law through appeals from the trial court's judgments. *See State ex rel. Boardwalk Shopping Ctr., Inc. v. Court of Appeals*, 56 Ohio St.3d 33 (1990).

{¶ 21} Finally, Blalock potentially possesses an adequate remedy of law through a request for records under R.C. 149.43. *State ex rel. Bristow v. Chief of Police*, 2016-Ohio-3084; *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489 (1994). However, Blalock is required to comply with R.C. 149.43(B)(8) prior to making any records request that involves the CIU investigatory file. *See State ex rel. Robinson v. Clemans,* 2025-Ohio-1021; *State ex rel. Parker Bey v. Byrd*, 2021-Ohio-1413 (8th Dist.).

{¶ 22} Accordingly, we grant Prosecutor O'Malley's motion for summary judgment. Costs to Blalock. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

**{¶ 23}** Writ denied.

_____
MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, A.J., and
EILEEN T. GALLAGHER, J., CONCUR